UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:  
DEBORAH N. PEREZ

Case No.: 2016-18362-LMI  
Chapter 13

    Debtor.  
_____/

SECURED CREDITOR TRUST MORTGAGE, LLC'S OBJECTION
TO MOTION TO SHORTEN PREJUDICE PERIOD

Trust Mortgage, LLC, ("Trust Mortgage"), by and through its undersigned counsel objects to the Motion to Shorten Prejudice Period [ECF No. 77] (the "Motion") filed by the Debtor Deborah N. Perez (the "Debtor") as the Motion does not meet the requirements of Bankruptcy Rule 9024 and the Debtor does not appear to meet the eligibility requirements of 11 U.S.C. §109(e) and therefore, cannot proceed under chapter 13 of the Bankruptcy Code and states:

1. The Debtor filed her voluntary chapter 13 petition on June 10, 2016.

2. The Debtor has scheduled real property located at 6235 SW 35 Street, Miami, Florida as her primary residence ("the Homestead") [ECF No. 8 and 23].

3. According to the Debtor's bankruptcy schedules, the Homestead is valued at $385,000.00 [ECF No. 8 and 23].

4. According to the Debtor's schedules, the Debtor's Homestead is currently encumbered by two purchase money mortgages totaling $835,023.94.

5. Pursuant to Debtor's schedules, the first lien encumbering the Homestead is held by Select Portfolio Servicing and totals $651,779.80. This lien has not been classified in Debtor's schedules as unliquidated or contingent [ECF No. 8 and 23]. Pursuant to Debtor's schedules, the junior mortgage

encumbering the Homestead is held by Trust Mortgage, LLC and totals $183,244.14. This lien has not been classified in Debtor's schedules as unliquidated or contingent [ECF No. 8 and 23].

6.  Pursuant to the Debtor's Schedule E/F, the Debtor's unsecured debts total $200,743.00 [ECF No. 8 and 23].

7.  On September 16, 2016, this bankruptcy case was dismissed upon denial of confirmation (the "Dismissal Order") [ECF No. 52].

8.  On October 3, 216 the Debtor filed the Emergency Motion to Reinstate Case (the "Motion to Reinstate") [ECF No. 59]. Trust Mortgage filed an Objection to the Motion to Reinstate [ECF No. 65].

9.  On November 7, 2016, the Debtor filed a Notice of Withdrawal of the Motion to Reinstate Case [ECF No. 76]. The Debtor also filed this Motion, whereby the Debtor seeks to shorten the prejudice period as detailed in the Dismissal Order, alleging a change in income. The Debtor further alleges her intent to save her homestead in a subsequent bankruptcy filing.

- *The Debtor does not meet the requirements of Bankruptcy Rule 9024*

10. The Debtor fails to state a basis for relief from the Dismissal Order as required by Bankruptcy Rule 9024. Bankruptcy Rule 9024, allows a party to seek relief from an order entered when there is (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) a prior judgment upon which it is based has been reversed or otherwise vacated; or (6) any other reason justifying relief from operation of the judgment. *Fed. R. Bankr.Pro. 9024* (applying *Fed.R.Civ.P.60(b)*); *In re Bryan Road, LLC*, 389 B.R. 297, 299 (Bankr. S.D.Fla. 2008) *Citing Drake v. Dennis*, 209 B.R. 20, 25 (Bankr. S.D.Ga. 1996).

11. Subsection (b)(6) of Rule 60 is generally referred to as the "catch all provision." *Olmstead v. Humana, Inc.*, 154 Fed. App'x. 800, 805 (11th Cir. 2005). "It is well established, however, that relief under this clause [(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 679 (11th Cir. 1984); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (holding that this remedy is intended "only for extraordinary circumstances").

12. The Debtor does not articulate any basis under Bankruptcy Rule 9024 for providing relief from the Dismissal Order. In support of the Debtor's Motion, the Debtor simply states that she has had a change in income. The Motion fails to detail any information regarding the change of income nor does the Debtor supply any supporting documentation supporting this purportedly increased income. These are not extraordinary circumstances that would warrant the requested relief.

13. Further, although Bankruptcy courts are courts of equity[1], equitable relief is not always warranted. "The specific relief which the Debtor seeks is equitable in nature, in that the Debtor has no legal right to a shortening of the 180-day prejudice period contained in the order of dismissal." *In re Lauren M. Skilnick*, Case No., 2006-12269-BKC-JKO (Bankr. S.D.Fla. 2006)."A party seeking equitable relief is required to have acted in good faith in connection with matters as to which she seeks such relief." *Id*.

14. The Debtor here is seeking to shorten the prejudice period based on a change in the Debtor's income, since the filing of this bankruptcy. However, from the inception of this case, the chapter 13 Trustee has requested that the Debtor provide information regarding her income [ECF No. 39, 43, 44], which the Debtor failed to provide. Even after this matter was dismissed upon denial of confirmation and the Debtor filed her Motion to Reinstate, the chapter 13 Trustee continued to request

---

[1] *Pepper v. Litton*, 308 U.S. 295 (1939).

information regarding the Debtor's income, calculation of income and correct plan payments based on the income provided [ECF No. 64 and 71].

15.     Although the Debtor made several amendments to her bankruptcy schedules during the course of this dismissed case, none appear to have fully addressed the concerns of the chapter 13 Trustee, ultimately leading to the dismissal of this case and the Debtor's inability to reinstate this matter. Since the Debtor has been given several opportunities by the chapter 13 Trustee to provide the information required under the Bankruptcy Code to confirm a chapter 13 plan, and has consistently failed to do so, the Debtor should not be given another opportunity to file a new bankruptcy without any evidence of her ability to comply with the Trustee's recommendations.

16.     As the Debtor failed to address the concerns of the chapter 13 Trustee, the Debtor has not acted with the requisite good faith required to grant the equitable relief requested in this Motion, and the Motion should be denied.

17.     Because the Debtor has failed to detail a basis for relief under Bankruptcy Rule 9024 this Motion should also be denied.

- *The Debtor does not meet the eligibility requirements of 11 U.S.C. §109(e)*

18.     Trust Mortgage objects to the Motion and the reinstatement of this case as the Debtor does not meet the eligibility requirements of 11 U.S.C. § 109. 11 U.S.C. § 109(e) places the following limitations on who may qualify as a debtor in a chapter 13 case:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725.00 and noncontingent, liquidated, secured debts of less than $1,184.200.00 . . . may be a debtor under chapter 13 of this title.

19. This Court has held that the unsecured portion of a creditor's claim must be included in determining a debtor's unsecured debts for purposes of eligibility under 11 U.S.C. §109(e). *See In re Angelina Claro-Lopez*, 2010 WL 2787621 (22 Fla. L. Weekly Fed. B 459) (Bankr. S.D. Fla. 2010).

20. Additionally, "unless [a creditor's] claim is either contingent or unliquidated it must be included for purposes of determining the Debtor's eligibility as a chapter 13 debtor. *In re Perez*, 400 B.R. 879, 883 (Bankr. S.D. Fla. 2008) (*citing In re Farber*, 355 B.R. 362, 371 (Bankr. S.D. Fla. 2006)). "An unliquidated claim is a debt in which the amount is uncertain" and not readily determinable by the agreement of the parties or by operation of law. *In re Perez*, 400 B.R. at 883; *In re Verdunn*, 89 F. 3d 799, 802 (11th Cir. 1996). In the instant case, the Debtor has not labeled any of the secured claims as unliquidated [ECF No. 8 and 23].

21. Pursuant to the Debtor's unsecured debts detailed in Schedules E/F and the unsecured portion of the mortgages encumbering the Homestead, the Debtor claims unsecured debts **totaling $650,766.94** [ECF No.8 and 23]. As such, the Debtor does not satisfy the basic debt eligibility requirements for a chapter 13 debtor of the maximum unsecured debt of $394,725.00, and therefore does not comply with the eligibility requirements of 11 U.S.C. § 109(e). As such, the prejudice period should not be shortened to allow the Debtor to file a subsequent bankruptcy matter.

WHEREFORE, Trust Mortgage, LLC requests the Court deny the Motion to Shorten Prejudice Period and grant such further relief as this Honorable Court deems appropriate.

Respectfully submitted this <u>28th day of November, 2016.</u>

By:   <u>/s/  Linda Leali</u>
Linda Leali, Esq.
Florida Bar No. 186686
Attorney for Trust Mortgage LLC
Linda Leali, P.A.
777 Brickell Avenue, Suite 500

Miami, FL 33131
Telephone: (305) 341-0671
lleali@lealilaw.com
www.lealilaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2016, a true and correct copy of the foregoing was served on the following parties via the Court's CM/ECF System: Chapter 13 Trustee, Nancy K. Nedich and Luis A. Torrens; the foregoing was served on the parties listed via regular mail: Deborah Perez, 6235 SW 35 Street, Miami, Florida 33135.

/s/ Linda Leali
Linda M. Leali